# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                 Plaintiff,<br><br>vs.<br><br>BAYER CORPORATION,<br><br>                 Defendant | Civil Action No. 07-01 (JLL)(JAD) |
| IN RE BAYER PHILLIPS COLON HEALTH PROBIOTIC SALES PRACTICES LITIGATION | Civil Action No. 11-3017(JLL)(JAD) |

-------------------------------------------------------------------------------------------------------

## PLAINTIFFS' REPLY BRIEF IN FURTHER SUPPORT OF APPEAL OF MAGISTRATE JUDGE DISCOVERY ORDER

-------------------------------------------------------------------------------------------------------

James E. Cecchi
Lindsey H. Taylor
CARELLA, BYRNE, CECCHI
OLSTEIN, BRODY & AGNELLO
5 Becker Farm Road
Roseland, New Jersey 07068
(973) 994-1700

Timothy G. Blood
Thomas J. O'Reardon II
BLOOD HURST & O'REARDON, LLP
701 B Street, Suite 1700
San Diego, California 92101
(619) 338-1100

Adam J. Levitt
John E. Tangren
GRANT & EISENHOFER P.A.
30 North LaSalle Street, Suite 1200
Chicago, Illinois 60602
(312) 214-0000

Attorneys for Plaintiffs

## LEGAL ARGUMENT

### THE DISCOVERY CONFIDENTIALITY ORDERS SHOULD BE MODIFIED TO ALLOW CLASS COUNSEL AND GOVERNMENT COUNSEL TO COMMUNICATE ABOUT BAYER CONFIDENTIAL INFORMATION

Presently before the Court is Plaintiffs' appeal of the Magistrate Judge's Order denying their letter application to modify the Discovery Confidentiality Orders so that counsel for Class Plaintiffs and for the Government can communicate with each other and exchange documents regarding confidential information provided in the two cases. Bayer addresses a number of issues, but not the one that is really before the Court: will Bayer's interest in maintaining the confidentiality of its information vis-à-vis the public to protect its competitive advantage in the marketplace be affected if the Discovery Confidentiality Orders are modified? *See Pansy v. Borough of Stroudsburg*, 23 F.3d 771, 786-87 (3d Cir. 1994).

Clearly, that interest will not be adversely affected, because the proposed modification to the Discovery Confidentiality Orders would provide that any information exchanged would remain confidential under the terms of the receiving party's Order. Nowhere does Bayer even address this issue, much less attempt to refute Plaintiffs' arguments on that score. Bayer's confidential information will remain confidential.

This application is *not* about challenging Bayer's document production in the Government case, as Bayer appears to argue here, or about requiring Bayer to produce to the Government anything it hadn't produced before, as the Magistrate Judge seemed to believe. Class Plaintiffs assume that Bayer had a *bona fide* reason to assert that the documents in issue were not responsive to whatever document requests the Government had made. However, that does not mean that the documents and information are not relevant to the issues in the

Government case.  Class Plaintiffs believe that they are.[1]  The fact that the Government has not asked for them itself does not mean that the documents and information is not relevant to the issues in the Government's case, as Bayer contends.  (Bayer Brief at 7)  Both Class Plaintiffs and the Government are caught in the Catch-22 caused by the separate Discovery Confidentiality Orders.  The Government does not know what information that Class Plaintiffs have that it might want to ask for and Class Plaintiffs cannot tell them because to do so would violate the two separate Confidentiality Orders.  Bayer wants to keep it that way.  Bayer's arguments are largely procedural, and it points to a few pages in the documents that, standing alone, would be irrelevant.  However, a close reading of Bayer's opposition Brief does not refute Plaintiffs belief that the documents in issue are relevant to the issues being litigated in the Government's case and contradict certain positions Bayer has taken in that case.

The parties have met and conferred relating to the modifications of the Discovery Confidentiality Orders.  The issue that appears to be the impediment to Class Plaintiffs' obtaining confidential documents filed in the Government case is that they contain or reference confidential information from Wakunaga, who supplies the raw material for PCH to Bayer.  That process is still ongoing, and Class Plaintiffs have separately contacted Wakunaga to try to move that process along.  However, the meet-and-confer process relating to Class Plaintiffs'

---

[1] Bayer argues that the documents Class Plaintiffs wish to share include some irrelevant documents such as "logos, signature blocks and duplicate documents". Bayer Brief at 7, n. 2. It is true that certain documents include as separate pages logos and signature blocks, and there are several versions of some the documents. Again, that has nothing to do with whether the information in the documents are otherwise relevant. This is more misdirection by Bayer. Bayer also complains that Class Plaintiffs' wish to communicate with the Government about confidential information is some new position. Class Plaintiffs wished to share Bayer's confidential information with the Government and for the Government to have the same ability. How did Bayer think that was to be accomplished without some communication between the two?

communicating with the Government about Bayer's confidential information or providing confidential documents to the Government was quickly exhausted. Bayer adamantly refused.

Class Plaintiffs have provided more than ample good cause to modify the Discovery Confidentiality Orders in both cases. The parties and the Court are entitled to all relevant information relating to the issues before the Court. Allowing Class Plaintiffs and the Government to share and discuss Bayer confidential information under the auspices of the Discovery Confidentiality Orders would protect Bayer's interest in its maintaining the confidentiality of Bayer's information, and also "promote fairness and efficiency". *Pansy*, 23 F.3d at 787.

## CONCLUSION

For the reasons set forth above and in Plaintiffs' moving papers, the May 8, 2015 Order of the Magistrate Judge denying Class Plaintiff's application to modify the Discovery Confidentiality Orders should be reversed.

                    CARELLA, BYRNE, CECCHI,
                    OLSTEIN, BRODY & AGNELLO, P.C.
                    Attorneys for Plaintiffs

                    By:   /s/ James E. Cecchi
                          JAMES E. CECCHI

Dated: June 2, 2015

| | |
|---|---|
| Timothy G. Blood | Adam J. Levitt |
| Thomas J. O'Reardon II | John E. Tangren |
| BLOOD HURST & O'REARDON, LLP | GRANT & EISENHOFER P.A. |
| 701 B Street, Suite 1700 | 30 North LaSalle Street, Suite 1200 |
| San Diego, California 92101 | Chicago, Illinois 60602 |
| (619) 338-1100 | (312) 214-0000 |